UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>AKINOLA AKINLAPA | Criminal Case No. 20-57-JJM |

## PLEA AGREEMENT

Pursuant to subsections A and B of Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant Akinola Akinlapa ("Akinlapa") have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges Defendant with enticement of a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2422(b) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Defendant agrees that he will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

   b. Defendant further agrees:

   (i) to forfeit all interests in any property used or intended to be used to commit or facilitate commission of Counts 1 and 2 of the Information, including but not limited to one Apple iPhone 7 Plus (serial number FYQZ40BMHG00) seized from or around Defendant's person on June 3, 2020 and the entirety of the Apple cloud storage account associated with akinolaakinlapa@icloud.com which was registered to or maintained by Defendant on February 27, 2020 as well as June 3, 2020, and Defendant warrants that Defendant is the sole owner of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims

whatsoever in connection with the seizure or forfeiture of property covered by this agreement,

      (ii)    to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state, and Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment,

      (iii)    to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding, and Defendant acknowledges that all property covered by this agreement is subject to forfeiture as property used to commit or facilitate the commission of illegal conduct, and

      (iv)    to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment, and Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

    2.    Government's Obligations.

In exchange for Defendant's pleas of guilty:

      a.    The government may recommend that the Court impose a term of imprisonment within or below the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G." or "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is

greater, and the government need not recommend probation or a "split-sentence," even if permitted under the guidelines.

      b.    For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

      c.    As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

      d.    The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

      e.    The government will, at the time of sentencing, move to dismiss the three-count Indictment docketed under *United States v. Akinlapa*, 2020-CR-0057-JJM, and Defendant acknowledges that through dismissal of that Indictment Defendant avoids direct liability for the offense of production of child pornography, which carries a mandatory minimum 15-year term of incarceration and a maximum penalty of 30 years of incarceration. Additionally, the Government agrees that it may not in the District of Rhode Island pursue additional charges against Defendant based on the offense conduct set forth in paragraph 4.d.

    3.    Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable

sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines, and defendant acknowledges that the factual statements below are true and accurate descriptions of his conduct:

a. On February 27, 2020, using the Discord communications application, Defendant exchanged text messages and established a video conference with AP, a ten-year-old girl. During the course of the interaction, Defendant through coercion had AP disrobe and perform sexual acts in front of her computer's video camera, all while Defendant watched and recorded portions on his Apple iPhone. During the interaction, Defendant was located in Rhode Island, and AP was in her home in Utah.

b. The interaction between Defendant and AP started with text messaging, during which he texted hyperlinks to her, and she used or activated the links. The interaction subsequently expanded to include simultaneous video conferencing. Defendant could text with AP and see her through her computer's camera, but AP could not see Defendant. His iPhone's camera was facing a wall, not him. The interaction also did not include any voice communications and verbal communication was limited to texting.

c. Near the start of the video conference, AP texted that she was interested in gymnastics and, at Defendant's request, performed a spilt and then a headstand in front of her computer's camera. Defendant asked her to remove her clothing, down to her undergarments. When she resisted, Defendant threatened to post her address on the internet. He said that the hyperlinks that she had earlier activated had enabled him to acquire her home address. After the threat, she removed her outer layer of clothing. Defendant then instructed her to remove her underwear. She

complied. Defendant instructed her to position herself on her bed and insert a hairbrush handle into her vagina and anus, all in view of her computer's camera. She positioned herself on her bed facing her computer's camera. In the recording, she appears to slide a hairbrush handle inside her vagina and then under her buttocks.

  d. As shown in the logs of his text messaging and in his video conference recordings, Defendant victimized 14 other females as follows:

    (i) On an unknown date, Defendant coerced a pubescent girl to expose her chest.

    (ii) On June 16, 2019, Defendant had a pubescent girl expose her chest and vagina. Defendant instructed her to insert a plunger into her vagina, and in the recording, she appears to comply.

    (iii) On July 23, 2019, Defendant had ST, who was at the time 8 years old, expose her chest and vagina and rub her chest.

    (iv) On September 18, 2019, Defendant through coercion had MJ, who at the time was 11 years old, expose her chest and vagina. Defendant instructed her to insert her fingers into her vagina, and in the recording, she appears to comply.

    (v) On October 28, 2019, Defendant through coercion had AK, who was at the time 14 years old, expose her chest and vagina. Defendant instructed her to insert a hairbrush into her vagina, and in the recording, she appears to comply.

    (vi) On December 7, 2019, Defendant had a prepubescent girl expose her vagina. Defendant instructed her to insert her fingers into her vagina, and in the recording, she appears to comply.

    (vii) On December 17, 2019, Defendant through coercion had AA, who was at the time 9 years old, expose her chest. Defendant also attempted to have her expose her vagina.

(viii)   On February 23, 2020, Defendant through coercion had EM, who was at the time 10 years old, expose her chest and vagina. Defendant instructed her to insert her fingers into her vagina, and in the recording, she appears to comply.

(ix)   On February 29, 2020, Defendant through coercion had RS, who was at the time 9 years old, expose her chest and vagina.

(x)   On March 2, 2020, Defendant through coercion had KO, who was at the time 11 years old, expose her chest and vagina. Defendant instructed her to insert a brush into her vagina, and in the recording, she appears to comply.

(xi)   On March 31, 2020, Defendant through coercion had LAH, who at the time was 14 years old, expose her chest and vagina. Defendant instructed her to insert her fingers into her vagina, and in the recording, she appears to comply.

(xii)   On March 8, 2020, Defendant had MB, who was at the time 14 years old, expose her vagina.

(xiii)   On May 15, 2020, Defendant had a pubescent girl expose her chest and vagina. Defendant instructed her to insert a brush into her vagina.

(xiv)   On April 4, 2020, Defendant, through coercion, had a prepubescent girl expose her chest and vagina. Defendant instructed her to insert a stick into her vagina, and in the recording, she appears to comply.

e.   As shown in the logs of his text messaging and in video conference recording, in addition to the victims identified above Defendant sought to make contact and video conference with at least 60 other minor females and sought through coercion to force them to perform sexual acts as he watched.

f.   For the reasons described, the following enhancements apply:

(i)   the material (namely the material involving the sexual exploitation of a minor) involved prepubescent minors and minors who had not attained

the age of 12 years, and therefore an 8-level enhancement applies under U.S.S.G. §§ 2G1.3(b)(5) and a separate 2-level enhancement applies under U.S.S.G. § 2G2.2(b)(2),

(ii) the material involved sadistic or masochistic conduct based on the objects that some of the victims were instructed to insert into themselves, and therefore a 4-level enhancement applies under U.S.S.G. § 2G2.2(b)(4),

(iii) Defendant engaged in a pattern of activity that involved the sexual abuse or exploitation of one or more minors, and therefore a 5-level enhancement applies under U.S.S.G. § 2G2.2(b)(5),

(iv) Defendant used a computer device for transmission of the material and for interaction with and coercion of his victims, and therefore separate 2-level enhancements apply under U.S.S.G. §§ 2G1.3(b)(3) and 2G2.2(b)(6),

(v) Defendant in texting with his victims used username "Melissa#7384" to disguise and misrepresented his identity and otherwise sought to conceal his identity during the course of his video conferences with victims, and there a 2-level enhancement applies under U.S.S.G. § 2G1.3(b)(2), and

(vi) the offense, taking into account all of the video recordings, involved more than 600 images, and therefore a 5-level enhancement applies under U.S.S.G. § 2G2.2(b)(7)(D).

g. The parties acknowledge that Defendant may argue for mitigation based on mental condition and that the Government may argue that his mental condition is not a basis for mitigation.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offenses to which Defendant is pleading are as follows:

    Count 1 – a life term of imprisonment, with a mandatory minimum term of 10 years; a life term of supervised release; a $250,000 fine; a $100 special assessment; and an additional $5,000 special assessment applicable to non-indigent persons under 18 U.S.C. § 3014(a).

    Count 2 – 20 years imprisonment; a life term of supervised release; a $250,000 fine; a $100 special assessment; and an additional $5,000 special assessment applicable to non-indigent persons under 18 U.S.C. § 3014(a).

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are a life term of imprisonment; a fine of $ 500,000; and a life term of supervised release. The mandatory special assessment totals $ 200 and an additional $10,000 for any non-indigent person.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8. Defendant is advised and understands that:

    a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c. Defendant has the right to a jury trial;

  d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

  e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

  f. Defendant waives these trial rights if the Court accepts a plea of guilty.

  g. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

  h. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of

residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraph 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the collective sentence imposed by the Court is 262 months or less. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  5/4/22
Akinola Akinlapa        Date
Defendant

_____  5/4/22
Joseph Voccola          Date
Counsel for Defendant

_____  5/5/22
Milind Shah             Date
Assistant U.S. Attorney

_____  5/5/22
Lee H. Vilker           Date
Assistant U.S. Attorney
Deputy Chief, Criminal Division