## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

**UNITED STATES**

**V.**                                     **Docket no.: 0103 1:20CR00057-001**

**AKINOLA AKINLAPA**

## PETITION FOR RECOMMENDATION OF TIME CREDIT

Now comes the Defendant and asks this Honorable Court, during sentencing, to recommend to the Bureau of Prisons that Defendant be given credit for time served awaiting trial beginning June 3, 2020 to the date of his sentencing, in 'official detention'. (See 18 U.S.C.A. 3585(b)).

As grounds therefore Defendant states:

In September of 1991, the United States Court of Appeals for the First Circuit made the following holding "As an initial matter, we reject the government's contention that the authority to credit time against a defendant's sentence rests exclusively with the Attorney General." United States v. Zackular 945 F.2d 423 (1ˢᵗ Cir. 1991). In footnote 2 of the same opinion it states, inter alia, "A district court in this circuit has also held, with respect to pretrial detainee, that time spent under house arrest, wearing a electronic bracelet, counts as official detention under section 3585. See United States v. Londono-Cardona, 759 F.Supp 60,63 (D.P.R. 1991)

A year later the Supreme Court of the United States, in United States v. Wilson 503 U.S. 329, 335 (1992), rendered a contrary ruling. In Wilson, the Supreme Court held that the BOP, not district courts, have the authority to calculate the time remaining on a sentence, including credit for time served pre-sentencing. Since Wilson, multiple circuits/cases have maintained, without dissent, that a sentencing judge CAN RECOMMEND to the BOP that a defendant

receive credit for time served in official detention pretrial in accordance with section 3585. U.S. v. Obeso-Melchor 2012 U.S. Dist. LEXIS 73997, 2012 WL 1941799; U.S. v. Mathison 2016 WL 11650553.

For the reasons set out below and recognizing that said recommendation is not binding on the BOP, Defendant, Akinola Akinlapa, asks this Honorable Court to recommend that the BOP give the Defendant ---------- days of time credit for pre-sentencing detention pursuant to section 3585. Defendant asserts that the combination of conditions of release imposed upon him on 6/3/2020 amounted to official detention, as that term is defined under section 3585.

Defendant had a 7pm to 7am curfew. Defendant could not leave the state without permission. Defendant was required to wear a 'Active Global Positioning Satellite monitoring (including "hybrid" (Active/Passive). Defendant could not have contact with anyone under the age of 18. The defendant could not use, possess, procure, or otherwise obtain any electronic device that could be linked to any computer networks, internet service providers or exchange formats involving computers and he was required to live with his parents.

Although the State could point to cases where even greater restrictions were not recognized as 'official detention', each situation must be looked at separately by the sentencing justice and will only be overturned if there is no rational basis for the decision. United States v. Wilson 503 U.S. 329 (1992).

Respectfully Submitted,
Akinola Akinlapa
By his attorney,


*/s/ Joseph J. Voccola*
Joseph J. Voccola #4132
454 Broadway
Providence, RI 02909
Tel: 401-751-3900
Fax: 401-751-8983

**Dated: October 4, 2022**

## CERTIFICATION

      I hereby certify that on the above date a true and accurate copy of the within was filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to: Milind Shah Esquire, United States Attorney's Office, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

*/s/ Joseph J. Voccola*