# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.  )<br>)<br>AKINOLA AKINLAPA, )<br>Defendant. )<br>) | C.A. No. 20-cr-057-JJM-LDA |

## ORDER

Defendant Akinola Akinlapa moves to vacate his guilty plea. ECF No. 71. The government objects. ECF No. 79.

"[A] defendant has no absolute right to withdraw a guilty plea." *United States v. Caramadre*, 807 F.3d 359, 366 (1st Cir. 2015). "[T]he defendant bears the burden 'to prove that there is a 'fair and just reason' to withdraw the guilty plea prior to sentencing.'" *United States v. García-Núñez*, 71 F.4th 1, 9 (1st Cir. 2023) (quoting *United States v. Bruzón-Velázquez*, 49 F.4th 23, 30 (1st Cir. 2022) (further citation omitted)); Fed. R. Crim. P. 11(d)(2)(B). The relevant factors are "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; [and] the timing of the motion." *United States v. Isom*, 580 F.3d 43, 52 (1st Cir. 2009). "'If these factors weigh in favor of allowing the defendant to withdraw his guilty plea, courts also consider any prejudice the government would face as a result.'" *Garcia-Nunez*, 71 F.4th at 9 (quoting *United States v. Fernández-Santos*, 856 F.3d 10, 15 (1st Cir. 2017).

Mr. Akinlapa's argues that "[t]he convergence of mandatory minimum penalties, coercive but legally sanctioned plea bargaining, a trial penalty that acutely impacts persons charged with sex offenses, and [his] medically recognized developmental disorder including a diagnosed inability to make decisions for himself render his guilty pleas less than knowing, intelligent or voluntary, which provides a sufficiently strong reason for withdrawal." ECF No. 71-1 at 1. The Government responds, reminding the Court that "on the eve of sentencing, over fifteen months after signing the plea agreement, and over fourteen months after his change of plea, Defendant seeks to withdraw his plea and make waste of the time and care taken to devise the nuanced plea he accepted. Neither fairness nor justice support withdrawal." ECF No. 79 at 1. The Court now considers the parties' arguments in light of the factors set forth in the First Circuit case law.

*1. Was Plea Voluntary, Intelligent, and Knowing*

This Court conducted the change of plea hearing and questioned Mr. Akinlapa under oath. Upon review of the hearing transcript, focusing on the terms of the inquiry made and Mr. Akinlapa's answers, the Court found then, and reaffirms now, that

> Mr. Akinlapa is fully competent and capable of entering an informed plea, that he is aware of the nature of the charges and the consequences of the plea and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the charge.

ECF No. 75 at 26.

Mr. Akinlapa points to his "recognized development disorder" as rendering his plea less than knowing, intelligent, or voluntary. ECF No. 71-1 at 1. Yet at the time of his change of plea, over a year before this motion was filed, Mr. Akinlapa testified that he understood the charges against him. ECF No. 75 at 6. ("Mr. Akinlapa, do you understand the charges that the Government has brought against you? THE DEFENDANT: Yes.").

Mr. Akinlapa also voluntarily signed a plea agreement after fully discussing it with his attorney. ECF No. 40. And he swore under oath that he did so knowingly and voluntarily. ECF No. 75 at 10 ("noting that there's a plea agreement in this case that you signed and the Government signed and your lawyer signed. Do you remember signing that plea agreement? THE DEFENDANT: Yes. THE COURT: And did you sign that plea agreement after you thoroughly reviewed it with your attorney? THE DEFENDANT: Yes. THE COURT: And did you sign that plea agreement voluntarily? THE DEFENDANT: Yes.")

This Court not only had the opportunity to question Mr. Akinlapa during his arraignment/change of plea, but it also talked with him during a *Frye* hearing four months earlier and determined that Mr. Akinlapa was well represented and understood the charges and the proceedings. ECF No. 76 at 3-4 ("THE COURT: So you understand what the purpose of this hearing is? THE DEFENDANT: Yes. THE COURT: Okay. Can you tell me why we're here? Why are we at this hearing? ***** Do you know why we're here? THE DEFENDANT: Yes. THE COURT: Why are we here? THE DEFENDANT: To put on the record if I accept the plea deal or not.").

3

Mr. Akinlapa has submitted no evidence to show that his plea was anything but voluntary, knowing, and intelligent. There was no doubt in the Court's mind a year ago, and there is no doubt in the Court's mind now, that Mr. Akinlapa made a knowingly, voluntarily, and intelligently decision to change his plea to guilty.

*2. Strength of the Reasons Offered in Support of the Motion*

Mr. Akinlapa offers the "convergence of mandatory minimum penalties, coercive but legally sanctioned plea bargaining, a trial penalty that acutely impacts persons charged with sex offenses, and [his] medically recognized developmental disorder" as reason in support of his motion to withdraw his plea. ECF No. 71-1 at 1.

First, the mandatory minimums were known to Mr. Akinlapa before and at the time of his change of plea.[1]

> THE COURT: [A]s to Count I, there's a maximum term of imprisonment of life, meaning I could sentence you to a lifetime of imprisonment, and there's a minimum of 10 years. That means I will have no choice but to impose 10 years if you plead guilty to Count I. ***** And do you also understand that if you plead guilty to Count I, that the Court will be required to sentence you to at least 10 years of imprisonment? Do you understand that as well?
>
> THE DEFENDANT: Yes.

ECF No. 75 at 14-15.

Second, there is no evidence that the plea agreement was obtained through coercion. Third, the so-called "trial penalty" was known at the time of the plea.

---

[1] The Court shares Mr. Akinlapa's dislike of mandatory minimum sentences because it prohibits the Court from conducting its essential function for determining an individual's sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Nevertheless, the Court is required to adhere to Congress' mandate.

4

Finally, Mr. Akinlapa's developmental disorder was also well known to the Court at the time of the plea and the *Frye* hearing, and the Court was satisfied that his responses to the plea colloquy were knowingly and intelligently given. Therefore, the Court finds Mr. Akinlapa's reasons in support of his motion are not persuasive.

*3. Legal Innocence*

While Mr. Akinlapa sets forth a claim of "legal innocence"[2] (*See* ECF No. 71-1 at 21-23), the record does not support such an assertion. There is no evidence proffered to show that Mr. Akinlapa was "unable to appreciate the nature and quality or wrongfulness of [his] acts." *United States v. Cartagena-Carrasquillo*, 70 F.3d 706, 712 (1st Cir. 1995) (quoting 18 U.S.C. § 17).

Mr. Akinlapa has Asperger's syndrome but his own neuropsychological expert, Dr. William E. Rinn, Ph.D. undercuts the suggestion that the nature of his condition leads to the conclusion that he is legally innocent. ECF No. 49-2 at 1-23. Dr. Rinn explained that, in general, "[s]ubstantial cognitive impairment is, in fact, uncommon

---

[2] It is unclear if "legal innocence" and "actual innocence" are the same for analyzing a motion to withdraw a plea, but for purposes of this case, the Court will assume they are.

5

in Asperger's syndrome." *Id.* at 20. Dr. Rinn made the following findings as to Mr. Akinlapa's competence:

- that he possessed "normal intelligence, normal memory, and [a] normal ability to learn, understand, retain, and apply new information." *Id.* at 11;
- "He has strong problem-solving skills." *Id.*; and
- "[H]e has normal comprehension abilities and normal abilities to strategize, to weigh various alternative courses of action, if structured into doing so." *Id.* at 12.

Dr. Rinn also highlighted an academic record of accomplishment consistent with competence, finding that Mr. Akinlapa had shown "gradual improvement and good academic performance by his senior year of high school," *id.* at 1, resulting in his "accept[ance] to a four-year engineering program at Johnson and Wales University." *Id.* at 17-18.

While Dr. Rinn's evaluation was not done to help establish an insanity defense, his observations about Mr. Akinlapa's competence to stand trial, in contrast to the lack of any evidence from Mr. Akinlapa in support of such a claim, substantially undermines his allegation of legal innocence due to insanity.

### 4. Timing of the Motion

Mr. Akinlapa filed this motion in August 2023 and the change of plea hearing was 14 months earlier in April 2022. Nothing in the record other than "buyer's remorse" would explain this lengthy period between his plea and his request to

6

withdraw his plea. *Moreno-Espada v. United States*, 666 F.3d 60, 67 (1st Cir. 2012)("[B]uyer's remorse is not a valid basis on which to dissolve a plea agreement[.]"); *see also United States v. Nieves-Meléndez*, 58 F.4th 569, 575 (1st Cir. 2023).

*5. Prejudice to the Government*

There is nothing before the Court, either way, to allow the Court to evaluate whether there would be prejudice[3] to the Government if Mr. Akinlapa were allowed to withdraw his plea.

## CONCLUSION

It is very understandable that a young man facing a mandatory minimum sentence of ten years of incarceration could well question his plea decision as sentencing approaches. Over a year ago, the Court undertook every effort and safeguard to ensure that Mr. Akinlapa entered a plea that was knowing, voluntary, and intelligent as the law requires. Upon reading Mr. Akinlapa's motion and the government's response and then reviewing the transcripts from his change of plea and *Frye* hearings, the Court continues to believe that Mr. Akinlapa's plea was knowing, voluntary, and intelligent. Because there is no evidence or legally appropriate reason to reconsider that determination, and no fair and just reason

---

[3] The Court does take note that the victims are alleged to be very young and requiring them to testify at trial could very well retraumatize them.

presented, the Court DENIES Mr. Akinlapa's Motion to Withdraw his Plea. ECF No. 71.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

November 14, 2023