UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v.   : | Cr. No. 1:20-cr-00057-JJM-LDA |
| : | |
| AKINOLA AKINLAPA   : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Now comes the Defendant, Akinola Akinlapa, by and through counsel, and submits the statutory minimum sentence of ten years imprisonment, followed by ten years of supervised release, is "sufficient, but not greater than necessary" to achieve the sentencing factors outlined in 18 U.S.C. § 3553(a).

**I.   Procedural Background**

Mr. Akinlapa is scheduled to be sentenced regarding a two-count Information which he previously pleaded guilty pursuant to a written plea agreement and Indictment waiver. Count 1 charges Enticement of a Minor to Engage in Illicit Sexual Activity, in violation of 18 U.S.C. §§ 2251(a), (e) and all in violation of 18 U.S.C. § 2422(b)[1]. Count 2 charges Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). ECF 39. The statutory imprisonment penalties for the offenses are: Count 1: life imprisonment with a mandatory minimum of 10 years; and Count 2: 20 years imprisonment. Each count provides for a term of supervised release from five years to life and requires payment of a $100 special assessment. ECF 39; *See* PSR at 92-97; 102. Pursuant to 18 U.S.C. § 2259(c)(3), Mr. Akinlapa is also subject to paying $3,000, minimum, in mandatory restitution. PSR at 107.

---

[1] Although Count 1 of the Information cites the underlying statute and penalty provision 18 U.S.C. §§ 2251(a) and (e), Mr. Akinlapa pleaded guilty only to the charge and penalty associated with 18 U.S.C. § 2422(b), as noted on the Information cover sheet and in the written plea agreement.

1

As a term of the plea agreement and at the change a plea, Mr. Akinlapa stipulated to certain specified conduct and the applicability of seven sentencing enhancements ECF 40 at ¶ 4; Exhibit F at 19:14-25:1. Per the stipulation:

a) the material involved prepubescent minors and minor who had not attained the age of 12 years;

b) the material involved sadistic or masochistic conduct based on the objects that some of the victims were instructed to insert into themselves;

c) Mr. Akinlapa engaged in a pattern of activity that involved the sexual abuse or exploitation of one or more minor;

d) Mr. Akinlapa used a computer device for transmission of the material and for interaction with and coercion of his victims;

e) Mr. Akinlapa in texting with his victims used username "Melissa#7384" to disguise and misrepresent his identity and otherwise sought to conceal his identity during the course of his video conferences with victims; and

f) the conduct, taking into account all of the video recordings, involved more than 600 images. *Id*.

Pursuant to 18 U.S.C. §3583(d), as a result of a plea and any conviction, Mr. Akinlapa will be required to register as a sex offender as a condition of supervised release. Other provisions of the plea agreement include:

a) Mr. Akinlapa may argue for mitigation based on mental condition and the government may argue that his mental condition is not a basis for mitigation. ECF 40 a ¶ 4g.

b) The government may recommend the Court impose the greater of the mandatory minimum term of imprisonment or a term of imprisonment within or below the range of sentences indicated by the advisory United States Sentencing Guidelines ("USSG" or "guidelines"). ECF 40 at ¶ 2.

c) The government will recommend a two-level reduction in the offense level consistent with USSG §3E1.1(a) if Mr. Akinlapa continues to demonstrate acceptance of responsibility through sentencing and, if applicable, an additional one-level decrease. *Id*.

d) At sentencing, the government will move to dismiss the Indictment wherein the lead count carries a 15-year mandatory minimum sentence. *Id*.

e) The government also agrees it may not pursue additional charges in the District of Rhode Island based on the conduct set forth in the plea agreement. *Id*.

## II.     Advisory Guideline Sentencing Range

Probation reports a total offense level of 43 and a criminal history category of I for Mr. Akinlapa. According to probation, the calculated guideline imprisonment range is life. The minimum term of imprisonment is ten years regarding Count 1. PSR at 92-93.

Examination of an appropriate sentence begins with an assessment of the advisory Federal Sentencing Guidelines. A sentencing court, however, "may not presume that the Guideline range is reasonable" and must consider the factors outlined in 18 U.S.C. § 3553 to "make an individualized assessment based on the facts presented."[2] The sentence must reflect the least restrictive means to effectuate just punishment, deterrence, incapacitation and rehabilitation.[3] That is to say, a sentence must be sufficient but not greater than necessary, to effectuate the objectives of § 3553.[4]

---

[2] Said factors are:
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>   (2) the need for the sentence imposed:
>   >   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   >   (B) to afford adequate deterrence to criminal conduct;
>   >   (C) to protect the public from further crimes of the defendant; and
>   >   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>   (3) the kinds of sentences available;
>   (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;
>   (5) any pertinent policy statement issued by the Sentencing Commission;
>   (6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and
>   (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

[3] Gall v. United States, 128 S. Ct. 586, 596 (2007).
[4] Holguin-Hernandez v. U.S., No. 18–7739 (S.Ct. decided February 26, 2020).

### III.     Mr. Akinlapa's Sentencing Recommendation

Mr. Akinlapa incorporates and continues to rely upon the motion for a downward variance and supporting memorandum filed by prior counsel, as amended through redaction and submitted to accompany this sentencing memorandum. The undersigned believes the memorandum aptly provides the background relevant to Mr. Akinlapa's sentencing position as well as the reasons warranting a departure from the guidelines. The undersigned encourages a review of said memorandum before proceeding *infra*.

To briefly reiterate that which prior counsel asserted, in part, ten years of imprisonment is sufficient but not greater than necessary to accomplish the statutory sentencing factors when viewing the offense conduct in light of Mr. Akinlapa's young age, lack of criminal history and mental capacity, coupled with the anticipated treatment and a diminished likelihood of reoffending. Additionally, Mr. Akinlapa, through the undersigned, submits that a subsequent ten years of supervised release accomplishes the statutory factors.

Although now 22, Mr. Akinlapa was 18 years old at the time of the offenses. Heretofore, Mr. Akinlapa had no criminal history. He lives with Asperger's Syndrome, which went undiagnosed until after the onset of these proceedings. In school, Mr. Akinlapa was considered to be a shy pupil who, at times, engaged in age-appropriate interactions with a few classmates like himself. He did not maintain any traditional friendships. At home, Mr. Akinlapa was essentially a recluse. His engagement with others was very limited aside from playing video games with his siblings.

Dr. William Rinn, Phd. initially diagnosed Mr. Akinlapa with Asperger's. Reportedly, adult diagnoses of Asperger's are not uncommon, in part, because the symptomology of people living with Asperger's often escapes the notice of teachers, counselors, law enforcement and

social agencies unless and until their impaired social skills get them into trouble. It is axiomatic that Mr. Akinlapa did not invent the offense conduct at issue. Considering his reported lack of sexual history, the offense conduct is not likely a function of his imagination or live interaction with others. It is much more likely that Mr. Akinlapa was first exposed to such images and behavior through his internet activity. It is the opinion of Dr. Rinn that while Mr. Akinlapa understood that he could get in trouble for his conduct, Mr. Akinlapa's symptomatology was a central determinant of the offense conduct. The issue was exacerbated by Mr. Akinlapa's experience of the conduct as being distinct and separate from "real life," which is also symptomatic of Asperger's.

Comparative to his current age, ten years imprisonment will result in Mr. Akinlapa serving what, upon release, will be approximately a third of his life behind bars. After a subsequent ten-year term of supervised release, Mr. Akinlapa will be approximately twice the age he is now. Under the circumstances, such a sentence would result in Mr. Akinlapa spending as much time in prison and on supervised release as he has lived to date. That, along with the panoply of probation-recommended general and special conditions would undoubtedly be sufficient but not greater than necessary to achieve the statutory sentencing factors.

IV.   **Mr. Akinlapa's ancillary sentencing requests**

    a. Mr. Akinlapa asks the Court to recommend to the Bureau of Prisons that be he allowed to serve his sentence at Federal Medical Center Devens in Ayer, Massachusetts where the Bureau of Prisons offers a Sex Offender Management Program.

    b. Mr. Akinlapa asks the Court to consider his limited financial means and impose the minimum statutory restitution.

    c. Mr. Akinlapa also asks the Court to stay the date of his surrender pending the resolution of an impending appeal. Mr. Akinlapa respects the decision of this Court denying his Motion to Withdraw the Guilty Pleas. ECF 81 (denying ECF 71). He does not wish to rehash the claims made therein concerning that request. He does intend to exercise his right to appeal that decision upon the entry of final judgment in this matter. At his initial appearance in April 2020, Mr. Akinlapa was released on a $10,000 unsecured bond. He has since adhered to the general conditions of release and the following special conditions: submit to supervision; continue or start an education program; surrender passport; not obtain a new passport or other international travel document; travel restricted to Rhode Island; avoid contact directly or indirectly with any person who is or may be a victim or witness; participate in mental health treatment, and contribute to the cost as determined by the USPO; not possess a firearm or destructive device; not use alcohol at all; not use or unlawfully possess a narcotic drug; submit to a curfew from 7PM to 7AM daily with GPS location monitoring technology; and, report as soon as possible all contact with law enforcement. ECF 4-6; ECF 56 at 6:20-7:25. If allowed to remain on bond pending appeal, Mr. Akinlapa's compliance with the conditions of his release is indicative of his commitment to continued compliance. Considering Mr. Akinlapa's young age, lack of criminal history compound and his mental capacity, the time between now and the resolution of an appeal may prove to provide an opportunity or Mr. Akinlapa to sufficiently mature such that he is less susceptible to the influence of those with whom he will live during incarceration. If the Court is not inclined to grant this request, Mr. Akinlapa prays, at minimum, that he be allowed to self-surrender after sentencing.

V.      **Conclusion**

Mr. Akinlapa submits the statutory minimum sentence of ten years imprisonment, followed by ten years of supervised release, is "sufficient, but not greater than necessary" to achieve the sentencing factors outlined in 18 U.S.C. § 3553(a).

AKINOLA AKINLAPA,<br>
By His Attorney,

DATED: January 9, 2024      /s/ J. Dixon-Acosta, Esq. (#8692)
899 Warren Avenue, Suite 2
East Providence, RI 02914
P: (401) 584-4404
F: (401) 234-1367
jadaesq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2024, I electronically filed a copy of this Motion to Continue via the electronic filing system of the United States District Court for the District of Rhode Island.

/s/ J. Dixon-Acosta, Esq.